# Sutch's Estate (No. 2).

*Evidence—Parol evidence—Promissory notes—Parent and child—Competency of witness.*

Where a father draws a promissory note in favor of his daughter, the real consideration for which was past services rendered by the daughter after her majority, and it appears that the note was made in an attorney's office, not in the presence of the daughter, and delivered by the father to the daughter subsequently without any one being present, the attorney, after the father's death, is an incompetent witness to prove an alleged contemporaneous agreement to the effect that the note was only to be used in case the daughter should be disinherited. In such case if there is no other evidence of the alleged agreement, and there is no proof of fraud, accident, mistake, duress or undue influence, the note will be sustained.

Argued Oct. 28, 1901. Appeal, No. 14, Oct. T., 1901, by Renna Halsey, from decree of O. C. Allegheny Co., Sept. T., 1898, No. 140, overruling exceptions to adjudication in the Estate of James Sutch, Deceased. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Reversed.

Exceptions to adjudication.

The facts appear by the report of the case of Sutch's Estate (No. 1), supra, and by the opinion of the Supreme Court.

*Errors assigned* were indentical with those in Sutch's Estate (No. 1), supra.

*E. E. Fulmer*, with him *W. I. Craig* and *Howard Zacharias*, for appellant.

*Edward F. Duffy*, for appellee.

Opinion by Mr. Justice Dean, January 6, 1901 :

We have narrated the facts in this case fully in the appeal of John Z. Sutch from the decree of the same court in the same estate, opinion handed down this day. In this case, however, the decree of the court has less evidence to sustain it than in that against John Z. Sutch. In that case H. L. King,

Esq., the father's attorney, who was present and drew the notes, testified to the conversation between the father and John, which, it was alleged on the part of the widow, showed that the notes were given by the father to protect the two children against disinheritance; that the father made no will, therefore, the attempt to collect them was a fraud upon the widow and the estate of the father. We held the evidence wholly insufficient to establish the fact of a parol agreement contradictory of the plain intent expressed on the face of the notes. In this case King's testimony was not admissible to contradict or modify the words of the note in her hands. She was not present in the attorney's office when the notes were signed; she said nothing in the hearing of King indicating a parol agreement on her part collateral to the note; her father signed the note, and delivered it to her not in the presence of any one. As to her, so far as there is any evidence, the note is just what it purports to be, a promise to pay her $2,000 in one year without interest, and the court below should have so held.

The decree is reversed, and it is ordered the balance on the account to be distributed in accordance with this opinion.